GARDNER CHASE *vs.* WILLIAM H. ANDREWS.

A receiptor of property attached in a suit in this state, having taken the property to his residence in a neighboring state, there pointed it out to an officer, and permitted it to be attached and taken from him on a writ, sued out by the plain-

tiff in the first action, returnable to the courts of that state: It was held, that the receiptor was not liable in trover to the defendant, on the plaintiff's abandon ing the suit in this state.

IN this case, which was an action of trover brought by the plaintiff, as the assignee in insolvency of Comfort and Seba Carpenter, for eight rolls of leather, it appeared from the agreed statement of facts, upon which it was submitted to the court, that one Earl Warner, of Worcester, sued out a writ against the said Seba and Comfort, returnable to the June term, 1848, of the court of common pleas, for this county, and caused the leather in question to be attached thereon, as their property; that the defendant receipted to the officer for the same, and took it into his possession, at Webster, where the property then was; that previous to the 15th of May following, the defendant carried the leather to Woonsocket, in Rhode Island, where he then resided; that the leather was afterwards attached, on the 18th of April, 1848, while in the defendant's possession, he pointing it out to the officer, and permitting him to attach and take it away, on a writ in favor of Earl Warner, for the same cause of action for which the first mentioned suit was brought, returnable to the court of common pleas for the county of Providence, in the state of Rhode Island, on the fourth Monday of May, 1848; that judgment was rendered in this last suit, at the term at which it was brought, and execution issued thereon dated June 13th, 1848, and put into the hands of the proper officer for service, by whom the leather was seized thereon, on the 23d of June, 1848, and sold on the 3d of July following; and that before the term of the court, to which the first writ was returnable, Warner gave notice to the attorney who made the same not to enter it, and it was never entered.

It was further agreed, that Comfort Carpenter went into insolvency on his own petition, notice thereof being first published on the 25th of April, 1848, and his estate was assigned to the plaintiff as his assignee, on the 1st of May, 1848; that, upon the petition of sundry creditors of Comfort and Seba, filed on the 11th of May, 1848, the firm went into insolvency, and a warrant was issued against their estate on the 20th of

May, 1848; and that the first publication of the notice of their insolvency took place on the 7th, and the estate of the firm was assigned to the plaintiff, as their assignee, on the 17th of June, 1848.

*R. Newton*, for the plaintiff, cited *Weld* v. *Oliver*, 21 Pick. 559; *Shotwell* v. *Few*, 7 Johns. 302; *Judah* v. *Kemp*, 2 Johns. Cas. 411.

*F. H. Dewey*, for the defendant, cited *Denny* v. *Willard*, 11 Pick. 519; *Carrington* v. *Smith*, 8 Pick. 419; *Robinson* v. *Mansfield*, 13 Pick. 139; *Brownell* v. *Manchester*, 1 Pick. 232.

FLETCHER, J.   This is an action of trover for a quantity of leather, brought by the plaintiff as the assignee of Seba and Comfort Carpenter; and the first question is, whether the defendant has been guilty of any conversion of the property, so that this action of trover can be maintained against him. The facts relied upon to constitute a conversion are, that at the time of the attachment in Rhode Island, the leather was in the possession of the defendant, at Woonsocket, and that he pointed out the property to the attaching officer, and permitted him to attach and take it out of the possession of the defendant.   It does not appear that the defendant had any thing to do with the matter, after this attachment and taking of the leather from his possession, and unless what he did at the time of that attachment constituted a conversion, then he has been guilty of no conversion, and this action cannot be maintained.   At the time of this attachment there had been no proceedings in insolvency.

The property had been attached in a suit in Worcester county; but the creditor might lawfully abandon that suit, and institute a suit in Rhode Island, and attach the property in that state.   The attachment of the property, therefore, while in the possession of the defendant, was perfectly legal and rightful as against the Carpenters, the debtors.   Their creditors had an undoubted right to take it as against them. The attachment therefore being legal and rightful, the acts of the defendant, in pointing out the property to the officer, and permitting him to attach and take it, were not wrongful as

against the Carpenters, and would not be a conversion, for which they could maintain trover. The property having thus been rightfully taken from the defendant by the attachment, and he never having since done any act in regard to it, the Carpenters could maintain no action of trover against him, and the plaintiff as their assignee has no better right than they had as against the defendant. There must therefore be judgment for the defendant on the facts.